**In re Marjorie Orr BRANTLEY, Debtor.**

**Marjorie Orr BRANTLEY, Appellant,**

v.

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ATLANTA, Appellee.**

**No. C83–1755A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Nov. 30, 1983.

Paul E. Pressley, Atlanta, Ga., for plaintiff-creditor.

Ira H. Parker, Trauner, King & Cohen, Atlanta, Ga., for defendant-debtor.

Lewis N. Jones, Atlanta, Ga., for defendant-creditor—Citicorp.

## ORDER

RICHARD C. FREEMAN, District Judge.

On May 4, 1982, Marjorie Orr Brantley, the debtor and appellant in this action (hereinafter "debtor"), filed a voluntary bankruptcy petition pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 *et seq.* The debtor also submitted a proposed plan which provided that all unsecured creditors were to be paid 100 cents on the dollar on the unsecured claims, that the debtor would make $100.00 monthly payments to the trustee, and that future payments to the first mortgage holder, appellee First Federal Savings & Loan Association of Atlanta (hereinafter "First Federal"), and payments to the second mortgage holder, Citicorp Person to Person Financial Center, Inc. (hereinafter "Citicorp"), on debts secured by the debtor's residence, would be made directly by the debtor to these mortgage holders.

In July 1982, First Federal, holder of the first deed to secure debt on the debtor's residence, filed an objection to confirmation of the plan, asserting that the payment by the debtor to the plan of $100.00 per month was inadequate to allow the trustee to pay within a reasonable time the pre-petition arrearage owed to that creditor. Thereafter, on August 10, 1982, the debtor filed an amendment to her Chapter 13 plan, increasing the monthly payments to the trustee from $100.00 per month to the sum of $200.00 per month. On August 16, 1982, First Federal dismissed its objection and consented to the confirmation of the debtor's plan as amended. On September 23, 1982, the bankruptcy court confirmed the debtor's amended plan.

As noted above, the plan provided for payments of $200.00 per month to the trustee and for payments directly to the first and second mortgage holder on the defendant's residence. The plan, as confirmed, also provided that the debtor would sell her residence, located at 2944 West Roxboro Road, N.E., Atlanta, Georgia, which sale would, due to the substantial equity the debtor had in said residence, result in sufficient funds to pay off all unsecured creditors.

On December 20, 1982, the debtor filed a proposed second amendment to her Chapter 13 plan increasing the monthly payments to the trustee from the sum of $200.00 per month to the sum of $500.00 per month. This second amendment further provided that the debtor would remove her residence from the marketplace and, by increasing the amount paid to the Chapter 13 trustee, would satisfy all undisputed claims against the debtor within three years of the filing of the original petition. This amendment was proposed by the debtor in expectation of a substantial increase in her salary due to certain circumstances regarding her employment as a real estate agent. After due notice to all creditors, the trustee, and all other parties in interest and over First Federal's objections that the debtor was in default on her payments under the plan then in effect, the bankruptcy court confirmed the debtor's second amended plan.

On April 19, 1983, First Federal filed a "Complaint for Relief from Stay and Request for Adequate Protection" against the debtor, the trustee, Citicorp, and several other creditors, asserting that the amended Chapter 13 plan was unfeasible. The complaint alleged substantial default by the debtor of her obligations under the terms of the Chapter 13 plan. The complaint also alleged that the total delinquency to First Federal then exceeded $4,900.00, that the debtor was without funds to pay the secured debts, accruing real estate taxes, haz-

ard insurance premium, upkeep, and maintenance of the premises, and did not have any reasonable prospect of financial rehabilitation while retaining the property.

Subsequently, on May 19, 1983, a preliminary hearing was held by the bankruptcy court with respect to First Federal's complaint. At the hearing, the debtor had an expert witness available and ready to testify concerning the value of the residence. The only witness to testify at the hearing was the debtor, who stated that all payments were made to the trustee under both the proposed original plan and the first amended plan confirmed by the bankruptcy court, but that payments under the second amended plan were not made to the trustee for the months of March and April, 1983. The debtor testified that she was current as to payments to Citicorp. The record contains no evidence concerning the value of the residence.

On May 31, 1983, the bankruptcy court concluded "that the monthly installments due [First Federal] are Five (5) in arrears, that default exists in the installments due the Chapter 13 Trustee, and that she has no regular income," and entered an order granting First Federal relief from the automatic stay to proceed with a foreclosure and sale of the residence. It is from this order that the plaintiff appeals.

The debtor asserts that the bankruptcy court erred in not taking evidence as to whether the debtor has an equity in her residence and as to whether the residence is property necessary to an effective reorganization. The debtor argues that under 11 U.S.C. § 362(d)(2), the bankruptcy court may provide relief from the automatic stay as to an action against property only if both of the above questions are answered in the affirmative. The court disagrees.

Section 362(d) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Under the plain language of subsection (d)(1), relief shall in all cases be granted if the requesting party demonstrates "cause." Subsection (d)(2) merely provides that if the stay has prevented a creditor from proceeding against property, relief may also be obtained on the particular showing set forth in subsection (d)(2), that is, that the debtor lacks an equity in the property, and that the property is not necessary to effective reorganization. Cf. 124 Cong.Rec. S 17406 (Oct. 6, 1978) (Statement of Sen. DeConcini regarding final amendments to Bankruptcy Reform Act of 1978), reprinted in 1978 U.S. Code Cong. & Ad.News, 5787, 6505, 6514. Having shown that subsection (d)(1) was satisfied, first Federal was under no duty to go further and make the alternative showing that the requirements of subsection (d)(2) had also been met. It follows that it was not error for the bankruptcy court to refuse to take evidence as to the debtor's equity and as to the necessity of her residence to effective reorganization.

Nor does the court find merit in the debtor's contention that the bankruptcy court failed to set forth adequate findings of fact and conclusions of law as required by Rule 752, Fed.R.Bankr.P.

Accordingly, the bankruptcy court's order of May 31, 1983, is AFFIRMED.